# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CECELIA TENOSO, | DOCKET NUMBER |
| Appellant, | DE-831M-14-0599-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: May 18, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Cecelia Tenoso</u>, Corrales, New Mexico, pro se.

<u>Christopher H. Ziebarth</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her appeal as settled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an appeal of an Office of Personnel Management (OPM) reconsideration decision, which found that she had been overpaid $2,727.92 in annuity benefits and that she was not entitled to a waiver. Initial Appeal File (IAF), Tab 1. Prior to the scheduled hearing, the parties entered into a settlement agreement. IAF, Tab 13. Under the terms of the settlement agreement the agency agreed to accept repayment in full of the annuity overpayment in installments of $50.00 a month for 54 months and a final payment of $27.92, to be deducted from the appellant's monthly annuity benefit. The agency also agreed that no interest will be charged during this scheduled collection. *Id*. In exchange, the appellant agreed to withdraw her appeal of OPM's reconsideration decision. *Id*. After finding that the appeal was within the Board's jurisdiction and that the settlement agreement was lawful on its face and voluntarily entered into, the administrative judge entered the agreement into the record for enforcement purposes and dismissed the appeal as settled. IAF, Tab 14, Initial Decision (ID) at 2.

¶3 A party may challenge the validity of a settlement agreement, regardless of whether it has been entered into the record for enforcement, if the party believes that the agreement is unlawful, involuntary, or the result of fraud or mutual

mistake. *E.g., Sargent v. Department of Health & Human Services*, [229 F.3d 1088](), 1091 (Fed. Cir. 2000); *Wade v. Department of Veterans Affairs*, [61 M.S.P.R. 580](), 583 (1994). To establish that a settlement agreement was fraudulent as a result of coercion or duress, a party must prove that she involuntarily accepted the other party's terms, that circumstances permitted no alternative, and that such circumstances were the result of the other party's coercive acts. *Potter v. Department of Veterans Affairs*, [111 M.S.P.R. 374](), ¶ 6 (2009*)*; *Candelaria v. U.S. Postal Service*, [31 M.S.P.R. 412](), 413 (1986). The party challenging the validity of the settlement agreement bears a "heavy burden." *Asberry v. U.S. Postal Service*, [692 F.2d 1378](), 1380 (Fed. Cir. 1982). An appellant's mere post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement. *Hinton v. Department of Veterans Affairs*, [119 M.S.P.R. 129](), ¶ 4 (2013); *Potter*, [111 M.S.P.R. 374](), ¶ 6.

¶4　　　The appellant's only assertion on review that appears to challenge the validity of the settlement agreement is her claim that she "does not understand all the legal jargon pertaining to the terms that was sent to me to sign. How can such a thing be considered 'freely'?" Petition for Review (PFR) File, Tab 1. However, the appellant has failed to present evidence that the agency representative engaged in coercive acts or that the circumstances were such that there was no alternative to accepting the agreement as presented by the agency. Furthermore, the agreement specifically states that "[t]he parties understand these terms and freely enter into this Agreement." IAF, Tab 13. Moreover, while the appellant appears to assert that she did not understand the settlement process, the record reflects that OPM had proposed a settlement offer with a $100 a month repayment plan, *see* IAF, Tabs 9, 11, but, after a telephonic discussion with the appellant, OPM accepted the appellant's counter offer in which she agreed to repay the overpayment with a $50.00 monthly payment over a longer period of time. IAF, Tabs 11-12. Thus, we find that the appellant has not, by her challenges to the validity of the agreement, met her burden of proving that the

settlement agreement was coerced or that she did not freely enter into the agreement.

¶5    The appellant's remaining assertions on review challenge the merits of her claim for waiver of the overpayment. PFR File, Tabs 1, 3. For example, she asserts that, with her medical condition of daibetes and having had knee and ankle surgeries, she still believes that recovery of the overpayment is unfair and would be unconscionable under the circumstances. However, the parties resolved any challenges the appellant may have had to the recovery of the overpayment when they entered into a settlement agreement and the appellant agreed to withdraw her appeal of the overpayment action. Thus, we need not address her arguments on review. While the appellant would like to revoke the settlement agreement because she still feels that she should not be required to repay the overpayment of $2,727.92, her post-settlement remorse cannot serve as a basis for setting aside a valid settlement agreement. *Hinton*, 119 M.S.P.R. 129, ¶ 4. Accordingly, the appellant has provided no basis upon which to disturb the initial decision dismissing this appeal as settled.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:           _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.